IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., ZURU INC., ZURU UK LTD., ZURU LLC, ZURU PTY LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, BED BATH & BEYOND INC.,<br><br>Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 6:17-CV-00170-RWS |

**ORDER**

Before the Court is Plaintiffs' Emergency Motion to Re-Open Venue Related Discovery (Doc. No. 160) as well as Plaintiffs' related Motion to Strike Defendants' Venue Expert or Alternatively to Re-Open Discovery (Doc. No. 175). The Motions have been fully briefed. Upon consideration, the Court **GRANTS** Plaintiffs' Motions (Doc. Nos. 160, 175) as set forth herein.

Plaintiffs seek additional discovery in view of alleged documentation that creates inaccuracy with respect to Telebrands Corporation's ("Telebrands") statements in this case regarding product placement for its national retailers. (Doc. No. 160, at 4.) Plaintiffs contend that at least one contract was produced showing the existence of an agent to arrange Telebrands's products at Family Dollar stores, despite 30(b)(6) testimony to the contrary and an interrogatory response stating that "neither Telebrands nor Bulbhead is aware of any agreement related to where their products are displayed in stores." *Id.*, citing Doc. No. 160-5 at 176:8–12; Doc. No. 160-6 at 14; Doc. No. 160-7. Plaintiffs contend that they have gotten inaccurate or incomplete

1

discovery regarding Telebrands's control over product placement at the retailer level, including the placement of pallets in stores, the agents hired to secure locations for Telebrands's products in stores, agreements related to product placement, and the shipment and storage of products in this District. *Id*. at 5–8. In addition, Plaintiffs argue that the Federal Circuit's issuance of *In re Cray* after the completion of discovery altered the landscape of venue considerations such that Plaintiffs should be permitted an additional opportunity to seek discovery in light of the court's decision. *Id.* at 8–9. Defendants contend that Plaintiffs have already taken extraordinarily broad venue discovery, that *In re Cray* does not warrant reopening discovery, and that any additional discovery would be futile because the test set forth in *In re Cray* cannot be met. (Doc. No. 170.)

While extensive venue discovery has been taken in this case, given the new evidence and late development of inaccurate and incomplete discovery related to Telebrands's placement of its products in this District (including the use of third-parties and third-party agreements for product placement in retail stores), the Court finds a brief re-opening of discovery to be appropriate. The newly produced documents and testimony do not suggest that additional discovery would be futile or irrelevant to the inquiry of whether venue is proper in this District. Indeed, at the recently completed trial in related case number 6:16-cv-33, Telebrands's Vice President of new product development and procurement, Ms. Arline Wall, testified that the "As Seen on TV logo" in "*our As Seen on TV section*" has a lot to do with how Telebrands brings a product to market because Telebrands advertises so heavily. (Doc. No. 553, November 17, 2017 Hearing Transcript at 8:21–9:18 (emphasis added).)[1] Plaintiffs have provided photographic evidence, and Telebrands has not disputed, that these "As Seen on TV" sections exist within retail stores in this District. (Doc. No. 160, at 10–11.) Because of the distinct association with and advertisement of

---

[1] Ms. Wall later clarified that Telebrands does not own "As Seen on TV" just that Mr. Khubani created it. Tr. at 23:3–6.

2

Telebrands's products using the "As Seen on TV" logo, Plaintiffs have raised a question as to whether these corresponding retail sections can qualify as a place of business of the defendant under the current state of the law. In this respect, discovery is incomplete because Telebrands has not produced all relevant discovery related to its placement of products in retail stores, including the engagement of agents for product placement purposes. As it stands, this question is not ripe for a determination on Defendants' motion without additional discovery.

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Re-Open Discovery (Doc. No. 160). Plaintiffs may seek the discovery they request with respect to agreements between Telebrands and retailers located in this district regarding product placement, including any remuneration or credits provided for such placement, agreements related to store placement of Telebrands's products (including third-party agreements for such placement), as well as any additional depositions that may be needed as a result of the information contained in these agreements and the new evidence produced in this action. In addition, at this time the Court will not consider whether to strike to Mr. Jelinek as Defendants' venue expert in this case. Although the Court is generally concerned about the use of an expert for venue purposes, because the Court is re-opening discovery in this matter, Plaintiffs may depose Mr. Jelinek and thereafter renew their motion to strike should they have a basis for doing so.[2] Accordingly, Plaintiffs' Motion to Strike (Doc. No. 175) is **GRANTED-IN-PART** in that the Court will re-open discovery as set forth herein.

Plaintiffs shall complete additional discovery within **30 days** of the issuance of this Order. Within **7 days** of the completion of discovery, Plaintiffs shall file a supplemental response to Defendants' Motion to Dismiss, not to exceed 15 pages, as well as any renewed motion to

---

[2] Should Plaintiffs refile a motion to strike, the motion to strike is not subject to the Court's stay discussed below, and any responses and replies should be filed in accordance with the local rules.

strike. Within **7 days** of receipt of that response, Defendants may file a supplemental reply to Plaintiffs' supplemental response, not to exceed 15 pages.

Because the Court is permitting further discovery on this threshold issue, the Court finds it appropriate to stay this case until the considerations of venue can be fully resolved. Therefore, the Court **ORDERS** the Clerk to stay this case.[3] The case shall remain stayed until further order of the Court.

        **So ORDERED and SIGNED this 28th day of November, 2017.**

_JOHN D. LOVE_
UNITED STATES MAGISTRATE JUDGE

---

[3] While the entire case will be stayed, the stay does not apply to the parties' deadlines with respect to currently pending motions or the Court's resolution of those motions.