**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, <br><br> and <br><br> ZURU LTD., <br><br>     Plaintiffs, <br><br> v. <br><br> TELEBRANDS CORP., <br><br> and <br><br> BULBHEAD.COM, LLC, <br><br> and <br><br> BED BATH & BEYOND INC. <br><br>     Defendants. | Civ. Action No. 6:17-cv-170 (RWS-JDL) <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED** |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN
OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS PURSUANT TO THE COURT'S ORDER (DKT. 208)**

## **INTRODUCTION**

This Court should deny Defendants' motion to dismiss because Defendants forfeited their right to contest venue and because judicial efficiency considerations weigh heavily in favor of venue here. One judge in this District recently elaborated upon the Federal Circuit's decision in *In re Micron Tech, Inc.*, noting that *Micron* "affirmed that district courts have inherent power to find a venue objection forfeited based on conduct or other circumstances," including "inefficiencies a transfer would cause on the judicial system." *Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314, 2017 U.S. Dist. LEXIS 216436, at *4-5 (E.D. Tex. Dec. 18, 2017). As described more fully in plaintiffs' prior briefing (Dkt. 163), Defendants unquestionably forfeited their right to contest venue in this case by repeatedly engaging on the merits, acquiescing to venue here, and adopting a "wait and see" approach—hoping this Court would deny plaintiffs' preliminary injunction motion and only moving to dismiss later when it was clear Defendants would lose. Additionally, venue is proper because a dismissal or transfer of this action would greatly disrupt the efficiency of the judicial system, especially given the Court's and the parties' tremendous investment of resources in the water balloon-related patent cases in this District. For these reasons alone, Defendants' motion to dismiss should be denied.

Moreover, in *In re Cray, Inc.*, the Federal Circuit recently noted that a defendant may have an established place of business in a district (and venue is thus proper there) where that defendant is leasing the place or where the defendant exercises control over the place. Importantly, supplemental venue discovery ordered by this Court (Dkt. 208) has revealed two basic facts. First,

████████████████████████████████████████.[1] These leases demonstrate that Telebrands has a "regular and established place of business" in this District under 28 U.S.C. § 1400(b).

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████. Because Telebrands exercises control over its products and over retail shelf space in this District, Telebrands has a regular and established place of business here for this reason as well.

## FACTS

Telebrands' places of business in this District are built upon two basic pillars: (1) ██████████████████████████████████████████████

██████████████████████████████████████████████

**I. Telebrands** ████████████████████████████████

For the first pillar, ████████████████████████████

████████████████████████████████████. ████████

████████████████████████████████████ Notably, Angelo Bianco (who was Telebrands' Vice President of Sales from 2014 to 2016[2]) ████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

[2] Mr. Bianco served as a vice president of Telebrands during the duration of some of the leases. *See* http://www.telebrands.com/who-is-telebrands/. He recently retired and now works for Telebrands as a sales representative. (Ex. 4, Bianco Depo. Tr. at 18:25-19:9.)

██████████████████████████████ (emphasis added).) Indeed, Mr. Bianco ██████

████████████████████████████████[3] (*Id.*) Further, as this Court previously observed, Telebrands' Vice President of Procurement (Arline Wall) admitted that Telebrands considers such ASOTV shelf space to be that of Telebrands. (Dkt. 208 at 2.) Additionally, Defendants' own purported "venue expert" ████████████████████████████████████████

████████████████████████████████████████████████████████

Telebrands enters into such agreements with ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[3] At the eleventh hour, on the day that plaintiffs' supplemental brief was due, Defendants served plaintiffs with an errata sheet containing only one change. Incredibly, ██████████████████████████████
████████ Such a tactic is pure gamesmanship and highly inappropriate. *See Minshall v. Hartman Equine Reprod. Ctr., P.A.*, No. 4:15-CV-00764-ALM, 2016 U.S. Dist. LEXIS 159067, at *3 (E.D. Tex. Nov. 17, 2016) (changes in testimony are for the finder-of-fact to weigh); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002). This Court should therefore disregard Telebrands' attempt to substantially alter sworn testimony. But even if the Court considers the errata sheet, the simple fact remains that ████████████████████████████████████████████████████████
[4] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

3

███. Attached as **Exhibit 29** are photographs depicting ███

███

███ (*Id.*)

In addition to ███. For example,

███

---

[5] Telebrands continues to evade its discovery obligations. Although Telebrands admitted (in requests for admission) that it paid remuneration for premium shelf space at Rite Aid, Ex. 3, RFA No. 1, at 6, Telebrands did not identify or describe those agreements and failed to produce documents reflecting those agreements—even though it was asked to do so in interrogatories, documents requests, and in Telebrands' 30(b)(6) deposition. (*See also* Ex. 5, Telebrands at 164:4-18, 165:4-19.)

4

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████ For the Court's benefit, a timeline showing Telebrands' ASOTV upkeep activities is attached as **Exhibit 2**.

## II. Telebrands Sells Its Products through its Pallets that It Controls in this District

For the second pillar, Telebrands exercises extensive control over its pallets in retail stores in this District. ████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████

---

[6] A "modular" is generic term for shelf space (or pallets) holding Telebrands' products.





---

[8] Plaintiffs are attaching hereto a key that identifies the location and district of each Walmart store number. (Ex. 27, Walmart Store Key.)

██████████████████████████████████████████████████████████████████████

██████ ████████████████████████████████████████████████████ Because Telebrands sells its products under these types of arrangements, ██████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████ ███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

There are numerous occasions when Telebrands has exercised control over its pallets within stores in this District. ██████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

---

[9] ██████████████████████████████████████████████████████████████████
████████████████████████████████████

 For the Court's benefit, a timeline showing Telebrands' control over its pallets is attached as **Exhibit 1**.

## ARGUMENT

**I. Telebrands' Forfeiture and Judicial Efficiency Weigh in Favor of Venue Here**

In *In re Micron Tech., Inc.*, the Federal Circuit recently held: "[W]e think it clear that, apart from Rule 12(g)(2) and (h)(1)(A), district courts have authority to find forfeiture of a venue objection." *In re Micron*, 875 F.3d at 1101. The Federal Circuit also stated: "We . . . note a scenario

9

that presents at least an obvious starting point for a claim of forfeiture, whether based on timeliness or consent or distinct grounds: a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration." *Id.* at 1102. In interpreting *Micron*, Judge Payne of this District further explained that "the Federal Circuit affirmed that district courts have inherent power to find a venue objection forfeited based on conduct or other circumstances," including "inefficiencies a transfer would cause on the judicial system." *Kaist*, 2017 U.S. Dist. LEXIS 216436, at *4-5.

In their prior briefing, plaintiffs explained in detail how Telebrands has forfeited the issue of venue through its "wait-and-see" approach, conduct, and acquiescence. (*See* Dkt. 163 at 11-16; Dkt. 174 at 2-5.) For these reasons, this Court should deny Defendants' motion.

Moreover, Telebrands' request to dismiss or transfer this action, if granted, would most certainly "disrupt the efficiency of the judicial system." *Kaist*, 2017 U.S. Dist. LEXIS 216436, at *5. Plaintiffs initiated their first water balloon patent lawsuit against Telebrands in this District almost three years ago. And since then, this Court has invested an enormous amount of time and resources on this litigation, including overseeing numerous preliminary injunction motions, summary judgment motions, discovery motions, and claim construction proceedings. The Court even recently presided over a hotly-contested week-long trial involving two of the very same patents that are at issue in the instant action. This Court has also repeatedly ruled on the merits with respect to the patents-in-suit, repeatedly studied plaintiffs' infringement and Telebrands' invalidity contentions, and reviewed the underlying evidence. Indeed, in the instant action alone, the Court has already held two extensive evidentiary hearings—one for a temporary restraining order and another for a preliminary injunction—the latter of which this Court granted and which the Federal Circuit recently upheld on appeal by way of a Rule 36 summary affirmance. (Dkts. 23,

55, 89 & 218.) There is no other court in the country that is as familiar with this complex litigation as this Court is. It would thus be highly inefficient and disruptive for this Court to transfer this case now—particularly after all of the energy this Court has expended in this litigation and after so much has already transpired. For this reason as well, Defendants' motion should be denied.[10]

**II. Venue Is Proper under the Second Prong of 28 U.S.C. § 1400(b)**

Even if judicial efficiency and Telebrands' forfeiture somehow did not weigh in favor of venue here (they do), venue is also proper under 28 U.S.C. § 1400(b). That statute provides that venue is proper "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). There is no question that Telebrands has a regular and established place of business in this District.

In *In re Cray Inc.*, the Federal Circuit elaborated upon the meaning of the phrase "regular and established place of business," as it is used in § 1400(b). *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). In so doing, the Federal Circuit set forth the following three requirements for venue: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* In describing the third element, the *Cray* court stated that "[r]elevant considerations include whether the defendant owns or <u>leases the place, or exercises other attributes of possession or control over the place</u>." *Id.* at 1363 (emphasis added). A formal office or store is not required. *Id.* at 1362.

In prior briefing, Telebrands did not dispute that the first two elements of *Cray* were met. (*See* Dkt. 167.) And recent supplemental venue discovery has confirmed that the third element of *Cray* is likewise satisfied—even though Telebrands tried to conceal that fact in the first round of venue discovery. ███████████████████████████

---

[10] Plaintiffs maintain their arguments asserted in prior briefing, including their argument that *Cray* improperly expanded the requirements of 28 U.S.C. § 1400(b). (*See* Dkts. 163 & 174.)

11

███████████████████████████. Telebrands therefore has a regular and established place of business in this judicial district under 28 U.S.C. § 1400(b).

    A.    ████████████████████████████████████████████

Telebrands unquestionably has a regular and established place of business in this District because ████████████████████████████████. *See In re Cray Inc.*, 871 F.3d at 1360 ("[r]elevant considerations [for determining whether a place is that of the defendant] include whether the defendant . . . leases the place, or exercises other attributes of possession or control over the place"). As discussed, Telebrands' Vice President of Sales (Angelo Bianco) █████████████████████████████████████████████████████████████████. Moreover, Telebrands' Vice President, Arline Wall, noted at the recent trial that such ASOTV space was Telebrands' own space. (Dkt. 203 at 3 (testifying that the "As Seen on TV logo" in "our As Seen on TV section" has a lot to do with how Telebrands brings a product to market.).) Even Telebrands' own purported expert conceded that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[12]

Moreover, the third element of *Cray* is satisfied for an additional reason. ███████████████████████████████████████████████████████████████████████████████████████. In that

---

[11] ████████████████████████████████████████████████████████████████████████████████████████

[12] ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1363 (Fed. Cir. 2017). ████████████████████████████████████████████████

regard, ███

███.

███

███

███

███

███

███

███

███

███

███ Accordingly, venue is proper here for these reasons as well.

  B.  *Telebrands Has a Place of Business Here Because Telebrands* ███

Telebrands also has a place of business here because ███

███

███

███

───

[13] In prior briefing, Telebrands did not dispute that Team Direct, Anderson, and Advantage were agents of Telebrands. (*Compare* Dkt. 163 at 19, n.10 *with* Dkt. 167.) Nor could it. *See, e.g.*, *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 269 (5th Cir. 1980). ███

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████ All of these circumstances show that Telebrands exercises control over its pallets here, thereby meeting the third element of *Cray*. Because all of the elements of *Cray* are met, Telebrands has a regular and established place of business in this District.

Telebrands may argue that it supposedly does not exercise control because it does not own the shelf space or the pallets. But such an argument misses the mark. In *Cray*, the Federal Circuit did not hold that a defendant must own the place of business in order for venue to lie in a particular jurisdiction. Rather, the Federal Circuit held that a defendant (like Telebrands and Bulbhead) only must exercise "attributes of control" over the place of business.[15] Indeed, the *Cray* court even stated that a defendant's leasing arrangement may be enough to subject a defendant to venue in a particular district. Therefore, ████████████████████████████████████ ████████████████████████████████████████████████████████ What matters is the undeniable fact that ████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

---

[14] As detailed more fully in the timeline, ████████████████████████
██████████████████████████████████████████████████████████

[15] Indeed, the Federal Circuit and the patent venue statute make no mention of any ownership requirement to establish venue.

███ Thus, ownership is clearly not required to establish venue.[16]

Telebrands might also raise a policy argument. Specifically, Telebrands may argue that ███. Moreover, even if it were true, such facts are irrelevant. There is little dispute that after *TC Heartland* large nationwide brick-and-mortar retailers are still subject to venue in every jurisdiction in which they have a store. The same goes for Telebrands here. ███.[17]

For all of the above reasons, Defendants' motion to dismiss should be denied. Alternatively, to the extent that the Court is inclined to transfer this case, plaintiffs respectfully request that the action be transferred to the Central District of California, as discussed more fully in plaintiffs' prior briefing. (Dkt. 163 at 22-23.)

---

[16] Telebrands may also try to argue it does not exercise control here because ███ That fact alone is enough to subject Telebrands to venue in this District. ███

[17] To the extent that Telebrands attempts to rely on declarations from other witnesses, such as retailer witnesses, those witnesses were not identified in an interrogatory served in venue discovery. (Ex. 28, Defendants' Response to Interrogatory No. 4.) The Court should therefore not consider them.

15

Dated: February 12, 2018

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
Texas State Bar No. 00789886
Debby Gunter
Texas State Bar No. 24012752
Findlay Craft, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
dgunter@findlaycraft.com

Thomas M. Dunlap (Admitted E.D. Tex./VA Bar No. 44016)
David Ludwig (Admitted E.D. Tex./VA Bar No. 73157)
Robert Spendlove (Admitted E.D. Tex./VA Bar No. 75468)
Eric Olavson (Admitted E.D. Tex./VA Bar No. 87872)
Dunlap Bennett & Ludwig PLLC
211 Church Street, SE
Leesburg, Virginia 20175
(703) 777-7319 (t)
(703) 777-3656 (f)
tdunlap@dbllawyers.com
dludwig@dbllawyers.com
rspendlove@dbllawyers.com
eolavson@dbllawyers.com

Cortland C. Putbrese (Admitted E.D. Tex./ VA Bar No. 46419)
Dunlap Bennett & Ludwig PLLC
2307 East Broad Street, Ste. 301
Richmond, Virginia 23223
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com

Jeff Ahdoot (admitted *pro hac vice*)
Dunlap Bennett & Ludwig PLLC
1717 Pennsylvania Avenue

Suite 1025
Washington, DC 20006
(202) 316-8558 (t)
(703) 777-3656 (f)
jahdoot@dbllawyers.com

Brian M. Koide
Admitted E.D. Tex/VA Bar No. 46,329
Kevin T. Streit
Admitted E.D. Tex/VA Bar No. 45024
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd #550
Vienna, VA 22182
703-442-3890 (t)
703-777-3656 (f)
bkoide@dbllawyers.com
kstreit@dbllawyers.com

*Counsel for Plaintiffs Tinnus Enterprises, LLC and ZURU Ltd.*

By: */s/ Kelly J. Kubasta*
Kelly J. Kubasta
Texas Bar No. 24002430
Ferguson, Braswell & Fraser, P.C.
2500 Dallas Parkway, Suite 600
Plano, TX 75093
972-378-9111 (t)
972-378-9115 (f)
kkubasta@dallasbusinesslaw.com

*Counsel for Plaintiff Tinnus Enterprises, LLC*

### **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February, 2018, the foregoing document was served on all attorneys of record via electronic mail.

/s/ *Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal by Plaintiffs' Motion for Leave to Seal, filed concurrently herewith.

/s/ *Eric H. Findlay*
Eric H. Findlay