IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., ZURU INC., ZURU UK LTD., ZURU LLC, ZURU PTY LTD., | § § § § § § § § § § § § § | CIVIL ACTION NO. 6:17-CV-00170-RWS |
| Plaintiffs, | | |
| v. | | |
| TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, BED BATH & BEYOND INC., | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Tinnus Enterprises, LLC ("Tinnus") and ZURU Ltd.'s (collectively "Plaintiffs") Motion to Join ZURU Inc., ZURU LLC, ZURU PTY Ltd., and ZURU UK Ltd. (the "related ZURU entities") as plaintiffs in this matter. (Doc. No. 177.) Defendants have filed a response in opposition (Doc. No. 200), to which Plaintiffs filed a reply (Doc. No. 206), and Plaintiffs filed a sur-reply (Doc. No. 210). Upon consideration of the parties' arguments, Plaintiffs' Motion (Doc. No. 177) is **GRANTED**.

**BACKGROUND**

On March 20, 2017, Plaintiffs Tinnus and ZURU Ltd. filed an initial complaint alleging that Telebrands Corporation's Easy Einstein Balloons infringe U.S. Patent Nos. 9,242,749 ("the '749 Patent"), 9,315,282 ("the '282 Patent"), 9,527,612 ("the '612 Patent"), and 9,533,779 ("the '779 Patent") (collectively the "patents-in-suit"). (Doc. No. 1.) On May 9, 2017, Plaintiffs Tinnus and ZURU Ltd. filed a first amended complaint. (Doc. No. 74.) Thereafter, on October

1

20, 2017 Tinnus and ZURU Ltd. filed the instant motion to join ZURU Inc., ZURU LLC, ZURU PTY Ltd., and ZURU UK Ltd. as plaintiffs, as well as a second amended complaint naming those entities as plaintiffs in this matter. (Doc. Nos. 177, 179.) Plaintiffs Tinnus and ZURU Ltd. seek primarily to add these entities as a real parties in interest pursuant to Federal Rules of Civil Procedure 17(a) and 21, and alternatively to add them pursuant to Rule 15(a) by amending their complaint. (Doc. No. 177.) At the time Tinnus and ZURU Ltd. moved to add these entities, no schedule was yet in place in this action as the Court had granted a preliminary injunction and stayed the matter to resolve a threshold venue dispute. (Doc. Nos. 122, 156.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). Rule 21 provides the court the authority "[o]n a motion or on its own" to "add or drop a party" on just terms. Fed.R.Civ.P. 21. The issue of joinder is not unique to patent law, and therefore the law of the regional circuit applies. *See McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001) ("A district court's decision to grant or deny a motion for leave to join a party involves a procedural question that raises no special issues relating to patent law, and therefore [regional circuit] law applies."); *Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed. Cir. 1992) (Regional circuit law determines "the standard for determining whether the district court abused its discretion in denying [the patentee] leave to amend" its complaint to add a new party.). The Fifth Circuit has applied the liberal amendment standards of Rule 15(a) in applying Rule 21. *McLellan v. Miss. Power & Light,* 526 F.2d 870, 873 (5th Cir.1976) The decision to grant or deny a motion to join thus lies within the sound discretion of the trial court. *Jacobsen v. Osborne,* 133 F.3d 315, 318 (5th Cir. 1998). The Fifth Circuit has stated that leave should be granted "in the absence of any

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Jacobsen,* 133 F.3d at 318.

**DISCUSSION**

Plaintiffs generally argue that the Court should join the requested ZURU entities to avoid injustice because they have exclusive rights to the patents-in-suit. (Doc. No. 177, at 4–5.) Defendants oppose the motion to join on the grounds that joinder would be futile because the related ZURU entities do not have standing to sue. (Doc. No. 200, at 2–4.)

As an initial matter, the Court notes the unique and early procedural status of this case. As discussed above, no schedule has been set in this matter and the Court has not yet issued a scheduling order or even set its Rule 16(b) scheduling conference because the Court stayed the matter to first take up Defendants' motion for improper venue. Thus, there has been no significant delay in Plaintiffs' bringing of this motion. Indeed, as the parties are well aware from their involvement in related cases before this Court, when this Court sets a Scheduling Conference pursuant to Rule 16(b), the Court issues its standard Scheduling Order, which includes a deadline for plaintiffs to join additional parties 10 days before the Scheduling Conference. *See* Case No. 6:16-cv-33 (Doc. No. 43, at 1). Because the Scheduling Order has not yet issued in this case and no Scheduling Conference has been set, the Court's deadline for Plaintiffs to join additional parties *without leave of court* has not occurred or even been set yet. Moreover, because the Court permits Plaintiffs to join additional parties as a matter of course up to that point, Plaintiffs' instant motion is certainly not untimely and arguably unnecessary. Further, any prejudice to Defendants at this early stage is essentially non-existent.

While Defendants argue that joinder would be futile because the related ZURU entities are not exclusive licensees and arguably do not have standing to sue, deciding whether the ZURU entities have standing is a determination that must be made upon a careful and thorough presentation of the facts and evidence in support of and against standing. The Court does not take such jurisdictional determinations lightly and the briefing before the Court simply does afford the Court the necessary measures to undertake that determination at this time. Both the parties and the Court would benefit from conducting discovery regarding the status of the related ZURU entities as exclusive licensees to the patents-in-suit. Therefore, the Court finds the best course of action is to allow Plaintiffs to join these entities at this time so that discovery can be conducted and a full and fair analysis can be undertaken by the Court at a later point in time.

In other words, allowing Plaintiffs to join the related ZURU entities at this stage is not a finding that the joined parties in question have standing to sue and collect damages, it is merely a finding that, at this early point in the case, Plaintiffs have provided a sufficient basis to suggest that these entities have an interest in this litigation and may indeed have standing. The Court simply cannot effectively consider the merits of such a jurisdictional argument presented in this early motion related to the pleadings. This is a difficult question for which relevant evidence must be considered, examined, and weighed as to *each individual* Plaintiff for which standing is contested. *See Mentor H/S, Inc. v. Med. Device All., Inc*., 244 F.3d 1365, 1373 (Fed. Cir. 2001) (permitting joinder where an opportunity to conduct discovery occurred despite a question as to whether standing existed). Therefore, at this time, the Court will permit these entities to be joined. The Court will discuss and consider appropriate deadlines for discovery and the presentation of a further motion at the Court's Scheduling Conference in this case.

## CONCLUSION

For the reasons stated here, Plaintiffs' Motion to Join (Doc. No. 177) is **GRANTED.**

**So ORDERED and SIGNED this 9th day of March, 2018.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE