**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, <br><br>and <br><br>ZURU LTD., <br><br>    Plaintiffs, <br><br>v. <br><br>TELEBRANDS CORP., <br><br>and <br><br>BULBHEAD.COM, LLC, <br><br>and <br><br>BED BATH & BEYOND INC. <br><br>    Defendants. | Civ. Action No. 6:17-cv-170 (RWS-JDL) <br><br><br> FILED UNDER SEAL |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**
**PLAINTIFFS' EVIDENCE IN SUPPORT OF**
<u>**PLAINTIFFS' SUPPLEMENTAL BRIEF**</u>

**REDACTED VERSION**

## I.

Defendants moved to strike Exhibits 1 and 2 of Plaintiffs' supplemental venue brief. (Dkt. 231.) Defendants argue that Exhibits 1 and 2 should be struck because they (1) were created by Plaintiffs' counsel and allegedly contain attorney argument; (2) do not constitute evidence supported by a declaration or affidavit; and (3) are allegedly an attempt to circumvent the 15-page limit set by the Court's Order. (Dkt. 231 at 1-2.) As discussed below, none of Defendants' assertions have any merit. Accordingly, the Court should deny Defendants' motion.

<u>First</u>, Defendants claim that Exhibits 1 and 2 contain attorney argument. (Dkt. 231 at 1.) This is not correct. Plaintiffs' counsel created Exhibits 1 and 2 as demonstrative exhibits to aid the Court in assessing the voluminous underlying evidence presented in Plaintiffs' supplemental venue brief. (Dkt. 222) While those demonstrative exhibits necessarily included brief factual descriptions of the various documents, they do not contain "attorney argument." By way of example, in the Pallet Placement Timeline, Plaintiffs described the ▮▮▮▮▮▮▮ agreement as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 222, Ex. 1.) This is factually accurate because, as the underlying evidence shows, Telebrands' agent ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ (Dkt. 222, Ex. 38 at TX_145511.) And the agreement itself discusses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at TX_188737.) Thus, Defendants' allegations about attorney argument have no merit.

<u>Second</u>, Defendants also suggest that Exhibits 1 and 2 are improper because they are not supported by an affidavit or declaration. (Dkt. 231 at 1.) This also is wrong. It is well-known that a party "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." *See* Fed. R. Evid.

1

1006. That is exactly what Plaintiffs did—Exhibits 1 and 2 are proper summaries of voluminous underlying evidence. Therefore, an attorney declaration supporting Exhibits 1 and 2 was unnecessary. *See id.* But in any event, since Defendants apparently have requested a declaration, Plaintiffs hereby attach an attorney declaration as **Exhibit A**.

Third, Defendants also allege that Plaintiffs created Exhibits 1 and 2 to circumvent the Court's order limiting the supplemental briefing to fifteen pages. (Dkt. 231 at 2.) This simply is not true. As an initial matter, Defendants complained about plaintiffs' demonstrative exhibits—but then submitted their own demonstrative summaries for consideration by the Court. (*See, e.g.*, Dkt. 234, Ex. 17.) Defendants cannot have it both ways. Moreover, as explained above, Exhibits 1 and 2 are demonstrative summaries created by Plaintiffs' counsel to assist the Court in assessing the voluminous underlying evidence. Such demonstrative summaries are entirely appropriate here given the large volume of evidence. *See* Fed. R. Evid. 1006.

## II.

Alternatively, to the extent the Court is inclined to strike Plaintiffs' demonstrative summaries (Exhibits 1 & 2), Plaintiffs respectfully request leave to supplement the record. Where there were a few minor typographical errors in Plaintiffs' original Exhibits 1 and 2, those errors have been corrected in Supplemental Exhibits 1 and 2 (filed with this opposition). Additionally, where Telebrands has complained that a particular exhibit did not include certain pages, those pages have been added to a supplemental version of that exhibit (filed with this opposition).[1] For the Court's convenience, portions of those documents pertaining to the Eastern District of Texas have been highlighted in yellow. Granting Plaintiffs leave would serve the ends

---

[1] The affected exhibits are Exhibits 12, 15, 17, 19, 31-34, and 36-40. A new exhibit titled "Supplemental Exhibit 48" has also been included, which includes excerpted pages from several large spreadsheets that were cited in original Exhibits 1 and 2 without an exhibit number.

2

of justice by providing this Court with a complete record and all of the evidence necessary to consider and rule on this venue dispute.

**III.**

For the reasons stated above, the Court should deny Defendants' motion. Alternatively, Plaintiffs respectfully request leave to supplement the record.

Dated: March 7, 2018                    Respectfully submitted,

                                              */s/ Eric H. Findlay*
Eric H. Findlay
Texas State Bar No. 00789886
Debby Gunter
Texas State Bar No. 24012752
Findlay Craft, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
dgunter@findlaycraft.com

Thomas M. Dunlap (Admitted E.D. Tex./VA Bar No. 44016)
David Ludwig (Admitted E.D. Tex./VA Bar No. 73157)
Robert Spendlove (Admitted E.D. Tex./VA Bar No. 75468)
Eric Olavson (Admitted E.D. Tex./VA Bar No. 87872)
Dunlap Bennett & Ludwig PLLC
211 Church Street, SE
Leesburg, Virginia 20175
(703) 777-7319 (t)
(703) 777-3656 (f)
tdunlap@dbllawyers.com
dludwig@dbllawyers.com
rspendlove@dbllawyers.com
eolavson@dbllawyers.com

Cortland C. Putbrese (Admitted E.D. Tex./ VA Bar No. 46419)

3

Dunlap Bennett & Ludwig PLLC
2307 East Broad Street, Ste. 301
Richmond, Virginia 23223
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com

Jeff Ahdoot (admitted *pro hac vice*)
Dunlap Bennett & Ludwig PLLC
1717 Pennsylvania Avenue
Suite 1025
Washington, DC 20006
(202) 316-8558 (t)
(703) 777-3656 (f)
jahdoot@dbllawyers.com

Brian M. Koide
Admitted E.D. Tex/VA Bar No. 46,329
Kevin T. Streit
Admitted E.D. Tex/VA Bar No. 45024
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd #550
Vienna, VA 22182
703-442-3890 (t)
703-777-3656 (f)
bkoide@dbllawyers.com
kstreit@dbllawyers.com

*Counsel for Plaintiffs Tinnus Enterprises, LLC and ZURU Ltd.*

By: */s/ Kelly J. Kubasta*
Kelly J. Kubasta
Texas Bar No. 24002430
Ferguson, Braswell & Fraser, P.C.
2500 Dallas Parkway, Suite 600
Plano, TX 75093
972-378-9111 (t)
972-378-9115 (f)
kkubasta@dallasbusinesslaw.com

*Counsel for Plaintiff Tinnus Enterprises, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2018, the foregoing document was served on all attorneys of record via electronic mail.

/s/ *Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal by Plaintiffs' Motion for Leave to Seal, filed concurrently herewith.

/s/ *Eric H. Findlay*
Eric H. Findlay