## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **TINNUS ENTERPRISES, LLC, ZURU LTD., ZURU INC., ZURU UK LTD., ZURU LLC, ZURU PTY LTD.,** §<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 6:17-CV-00170-RWS** |
| **Plaintiffs,** §<br>§ | |
| **v.** §<br>§ | |
| **TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, BED BATH & BEYOND INC.,** §<br>§<br>§<br>§<br>§ | |
| **Defendants.** §<br>§ | |

### REDACTED ORDER ADOPTING REPORT AND
### RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate

Judge John D. Love pursuant to 28 U.S.C. § 636. On March 9, 2018, the Magistrate Judge issued

a Report and Recommendation ("R&R"), recommending that Defendants Telebrands Corp.

("Telebrands") and Bulbhead.com LLC's ("Bulbhead") (collectively "Defendants") Motion to

dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) be denied.

Docket No. 255. Defendants filed objections to the Magistrate Judge's R&R. Docket No. 263.

Plaintiffs Tinnus Enterprises, LLC, ZURU Inc., ZURU LLC, ZURU Ltd., ZURU Pty Ltd. and

ZURU UK Ltd. ("Plaintiffs") have filed a response. Docket No. 267. Having conducted a *de novo*

review of Defendants' written objections, the Court concludes that the findings and conclusions of

the Magistrate Judge are correct and the objections are without merit. 28 U.S.C. § 636 (b)(1).

Defendants first object to the Magistrate Judge's finding that Defendants did not dispute that they have a physical place of business in this District. Docket No. 263 at 4. In his R&R, the Magistrate Judge noted that Defendants did not dispute this factor in their motion to dismiss. Docket No. 255 at 9. While Defendants did not dispute this factor upon filing their initial motion, Defendants' argument now is primarily directed to their previous arguments that they do not have a regular and established place of business in this District. Docket No. 263 at 4. Specifically, Defendants argue that they only sell wholesale to retailers in this District and that it is the retailers, not Defendants, who carry out business in this District. *Id*. However, as the Magistrate Judge described in great detail, Defendants hold out special retail sections within this District as their own and have relationships with several third parties, thereby establishing control of product sales and placement in this District. Docket No. 255 at 13–15.

For example, the Magistrate Judge found that Defendants contract with third-party ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to identify "zero sales" stores and facilitate movement of products in those stores in this District. Docket No. 255 at 13, citing Docket No. 222-19. The Magistrate Judge also identified third-party ▮▮▮▮▮▮▮▮▮▮, with whom Defendants also contract, and who has moved products from the back room to the store shelves within this District on behalf of Telebrands. *Id*. citing Docket No. 222-10, 30(b)(6) Deposition of ▮▮▮▮▮▮▮▮, at 59:18– 60: 21; 87:13–23. The evidence cited by the Magistrate Judge further showed that Defendants employ third-party ▮▮▮▮▮▮ to manage these merchandisers, report on the status of retail stores and help procure the best available space in the retail stores. *Id*. at 14, citing Docket No. 222-7, ▮▮▮▮▮▮ 30(b)(6) Deposition at 30:22–31:1; Docket No. 222-5, Bianco Dep. at 72:5–19. The Magistrate Judge found that Telebrands monitors retail sales on a weekly basis and works with "service providers to investigate the situation for product placement so that it can increase profits

from sales of those products." *Id*. citing Docket No. 222-6, Telebrands 30(b)(6) Dep. at 29:17–22, 65:15–20; Docket No. 222-5, Bianco Dep. at 64:3–65:2.

In addition, the Magistrate Judge found that Defendants had held out a place of business where they paid money for retail space to increase profits and set up "As Seen on TV' retail sections closely affiliated with the marketing of their products. *Id*. at 11–13. Specifically, the Magistrate Judge concluded that "Defendants hold this space out as their own, pay fees to construct the space in retail stores, and control product placement for these spaces." *See* Docket No. 255 at 12, citing Case No. 6:16-cv-33, Doc. No. 553, November 17, 2017 Hearing Transcript at 8:21–9:18 (testimony of Telebrands's Vice President of Procurement, Arline Wall, stating that that the "As Seen on TV logo" in "our As Seen on TV section" has a lot to do with how Telebrands brings a product to market because Telebrands advertises so heavily); Docket No. 222-25, at 5–29; Docket No. 222-6, Telebrands's 30(b)(6) Dep. at 306:25–308:12 (showing that Telebrands paid Sears $▮▮▮▮ to create an "As Seen on TV" section in its retail stores, at least some of which are located within this District). Indeed, it was these facts, collectively, that caused the Magistrate Judge to reach the conclusion that Defendants have a place of business in this District. Docket No. 255 at 15.

Next, Defendants object to the Magistrate Judge's statement that Defendants did not dispute the "regular and established" prong of the venue analysis. Docket No. 263 at 5. Specifically, Defendants argue that the Magistrate Judge incorrectly relied on the transient sale of products and placement of holiday tables. *Id*. However, as the Magistrate Judge explained, these are ongoing, long-term relationships. Docket No. 255 at 11–13. In fact, Defendants do not dispute the duration or ongoing nature of these relationships, or offer facts to the contrary. Instead, Defendants merely disagree with the Magistrate Judge's conclusion. These conclusory

disagreements are not persuasive where the Magistrate Judge found, *inter alia*, that Defendants

had a continuous business relationship with at least one retailer in this District over the past four

years. *See* Docket No. 255 at 11 (explaining that holiday space at Walgreens was leased by

Defendants from 2014–17). Defendants object to the Magistrate Judge's findings as to Walgreens,

arguing that Defendants do not lease space or have a place of business within Walgreens. Docket

No. 263 at 6. Defendants argue that they do not pay for shelf space at Walgreens, but that

Walgreens imposes a fee on all vendors to cover the expense of creating holiday space. *Id*. at 7.

Regardless of whether the payment is a vendor fee, the fact remains that Defendants willingly and

purposefully make these payments for shelf space in this District. As the Magistrate Judge

explained, whether or not Defendants call this a "lease," as their 30(b)(6) deponent referred to the

relationship, it "establishes a payment made for premium shelf placement at Walgreens whereby

Telebrands actively participates by paying money for said placement to increase its profits."

Docket No. 255 at 12.

   Defendants next object to the Magistrate Judge's conclusion that Defendants hold out "As

Seen on TV" sections as their own. Docket No. 263 at 7. Defendants object on the basis that only

some of the "As Seen on TV" products displayed are Telebrands's products. *Id*. As discussed

above, the Magistrate Judge cited testimony from Defendants' Vice President of Procurement who

testified that the "As Seen on TV logo" in "our As Seen on TV section" has a lot to do with how

Telebrands brings a product to market because Telebrands advertises so heavily. *Id*. citing Case

No. 6:16-cv-33, Docket No. 553, November 17, 2017 Hearing Transcript at 8:21–9:18. Contrary

to Defendants' suggestion that this was a casual reference, this testimony was provided under oath

as a description of Telebrands's business. Moreover, the Magistrate Judge cited evidence that

these "As Seen on TV" sections are uniquely displayed at Defendants' direction in this District,

and that Telebrands has paid to set up these displays in retail stores in this District. Docket No. 255 at 12–13, citing Docket No. 222-25, at 5–29; Docket No. 222-6, Telebrands's 30(b)(6) Dep. at 306:25–308:12. Similarly, the Magistrate Judge detailed the relationships Defendants maintain with hired third party agents who "monitor, clean, restock, and affix price signage to the As Seen on TV sections within these retail stores." Docket No. 255 at 13–14.

Finally, Defendants object to the Magistrate Judge's conclusion that Defendants use third-party agents to help execute product placement in stores. Docket No. 263 at 9. In their objections, Defendants rely only on a single retailer—Wal-Mart—to argue that the retailer controls all product placement. *Id*. However, as discussed above, the evidence relied on by the Magistrate Judge shows that Defendants work with these third parties to monitor sales, have identified "zero sales" stores, and have worked to move products from the backroom to the storefront in these retail locations. Docket No. 255 at 13, citing Docket No. 222-19; Docket No. 222-10, 30(b)(6) Deposition of ▌▌▌▌ ▌▌▌▌, at 28:1–29:16; 67:17–22 (discussing movement of Telebrands's Star Shower products by ▌▌▌▌▌▌ over Telebrands's express concerns that sales had dipped at Wal-Mart stores). Further, the Magistrate Judge also found that, with respect to Wal-Mart, Telebrands is responsible for reimbursing Wal-Mart for at least a portion of any product price markdowns and paying credits for unsold goods. Docket No. 255 at 14, citing Docket No. 222-6, Telebrands 30(b)(6) Dep. at 87:14–89:19. Moreover, the Magistrate Judge found that Defendants' control over the placement of products in this District was further shown through Defendants' actions in this litigation where they were able to immediately remove accused products from shelves within this District when Plaintiffs moved for a temporary restraining order. Docket No. 255 at 14–15.

Defendants also object to the Magistrate Judge's conclusion that Defendants forfeited their venue defense. Docket No. 263 at 10–11. Defendants first contend that the Magistrate Judge misstated the record in stating that Defendants did not oppose venue during the injunctive proceedings in this case. *Id*. at 10. However, the Magistrate Judge accurately stated that "Defendants did not affirmatively raise a venue defense and instead only stated in a footnote that their participation did not concede venue." Docket No. 22. Indeed, the motion at issue was not filed until a week after the Court had granted an injunction in this matter. Docket No. 90. Defendants primarily object to the Court's reliance on the relatedness of other pending cases regarding forfeiture. Docket No. 263 at 10–11. However, as the Magistrate Judge explained, this case presents a unique set of circumstances whereby this Court has been involved with four injunction proceedings, two trials, and numerous other disputes related to the family of patents and accused products in this case. Docket No. 255 at 17–18. Contrary to Defendants' contentions, this case presents more than the mere pendency of related cases. As stated in the R&R, "the continuation of cases in this Court arose not only from Defendants' conduct in litigation, but Defendants' business choices made in reaction to orders of this Court." *Id*. at 18. The Magistrate Judge further noted that the Court completed a jury trial on two of the patents-in-suit on a prior injunction and related products without a meritorious venue objection prior to trial. *Id*. The Court agrees with the Magistrate Judge that, based on the conduct cited in the R&R, Defendants have forfeited their venue defense in this case.

For the reasons discussed herein, the Court **ADOPTS** the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court with respect to Defendants' Motion to Dismiss pursuant to Rule 12(b)(3).

Defendants do not raise any objections to the Magistrate Judge's findings and conclusions as to Plaintiffs' Lanham Act claims, which Defendants sought to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court has reviewed these findings and conclusions (Docket No. 255 at 19–23) and finds no plain error. *See Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).  The Court therefore **ADOPTS** the Magistrate Judge's findings and conclusions as to Defendants' motion to dismiss pursuant to Rule 12(b)(6).

Defendants raise no other objections to the findings and conclusions of the Magistrate Judge.  Any objections to those findings and conclusions are therefore waived and not considered herein on *de novo* review. The Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.  All objections are **OVERRULED**, and Defendants' Motion (Docket No. 156) is **DENIED.**

Within **seven (7) days** of the issuance of this Order, the parties shall file a notice with the Court as to whether this Order can be unsealed, or request appropriate redaction.

 **SIGNED this 1st day of May, 2018.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE