# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **TINNUS ENTERPRISES, LLC, ZURU LTD., ZURU INC., ZURU UK LTD., ZURU LLC, ZURU PTY LTD.,** | § § § § § § § § § § § § § | CIVIL ACTION NO. 6:17-CV-00170-RWS |
| **Plaintiffs,** | | |
| v. | | |
| **TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, BED BATH & BEYOND INC.,** | | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Tinnus Enterprises, LLC, ZURU Ltd., ZURU Inc., ZURU UK Ltd., ZURU LLC, and ZURU PTY Ltd.'s (collectively "Plaintiffs") Motion for Statutory Estoppel and Issue Preclusion. (Doc. No. 329.) Defendants Telebrands Corporation ("Telebrands"), Bulbhead.com, LLC ("Bulbhead"), and Bed Bath & Beyond Inc. ("Bed Bath") have field a response (Doc. No. 337), to which Plaintiffs have filed a reply (Doc. No. 340), and Defendants have filed a sur-reply (Doc. No. 343). Upon consideration, Plaintiffs' Motion (Doc. No. 329) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein.

## BACKGROUND

This case presents the third generation of disputes before this Court over alleged infringing water balloon products. On March 20, 2017, Plaintiffs filed the instant action alleging that Telebrands's Easy Einstein Balloons infringe U.S. Patent Nos. 9,242,749 ("the '749

1

Patent"), 9,315,282 ("the '282 Patent"), 9,527,612 ("the '612 Patent"), and 9,533,779 ("the '779 Patent"). (Doc. No. 1.) Plaintiffs later filed an amended complaint, dropping the '612 and '779 Patents, leaving the '749 and '282 Patents as the only patents-in-suit. (Doc. No. 287.) The '749 and '282 Patents were also at issue in a prior litigation between the parties in Cause No. 6:16-cv-33 ("*Tinnus II*"). The Court tried that action over the course of seven days and on November 21, 2017, the jury returned a verdict finding that Telebrands infringed the '749 and '282 Patents, that the '749 and '282 Patents were valid, and that infringement was willful. (Case No. 6:16-cv-33, Doc. No. 544.) Post-trial proceedings for that action are currently ongoing.

During the course of *Tinnus II*, the '282 and '749 Patents were also subject to Post-Grant Review ("PGR") petitions before the Patent Trial and Appeal Board ("PTAB") filed by Telebrands. On February 21, 2017, the PTAB instituted review on claim 1 of the '749 Patent and claims 1–3 of the '282 Patent. (*Tinnus II,* Doc. Nos. 233-1, 234-1.) As to claim 1 of the '749 Patent, Telebrands asserted the following grounds in its petition: 35 U.S.C. § 112(b) ("§ 112(b)"); Cooper, Saggio, and Lee 35 U.S.C. § 103 ("§ 103"); Cooper, Saggio, and Donaldson § 103; Saggio § 103; Saggio and Donaldson or Lee § 103; and Air Force 4 Inflator and Donaldson or Lee § 103. (*Tinnus II,* Doc. No. 233-1, at 6.) The PTAB instituted trial on obviousness as to the combinations of: (1) Cooper, Saggio, and Donaldson; and (2) Saggio and Donaldson. *Id.* at 34. Thereafter, the PTAB issued a final written decision finding that Telebrands "has failed to establish by a preponderance of the evidence that claim 1 is unpatentable as obvious under 35 U.S.C. § 103 over the combinations of Cooper, Saggio, and Donaldson, and Saggio and Donaldson." (*Tinnus II*, Doc. No. 626-1.)

As to the '282 Patent, Telebrands asserted the following grounds in its petition: 35 U.S.C. § 112(a) for lack of written description ("§ 112(a)"); § 112(b) for indefiniteness; Cooper, Saggio, and Lee § 103(a); Cooper, Saggio, and Donaldson § 103(a); Weir and Lee or Donaldson § 103(a); Saggio § 103(a); Saggio and Donaldson or Lee § 103(a). (*Tinnus II*, Doc. No. 234-1, at 7.) The PTAB instituted trial as to claims 1–3 as obvious over the combination of Cooper, Saggio, and Donaldson, and for indefiniteness (§ 112(b)). *Id.* at 39. Thereafter, the PTAB issued a final written decision, finding that Telebrands has "not shown by a preponderance of the evidence that claims 1–3 are indefinite under 35 U.S.C. § 112(b) or unpatentable as obvious under 35 U.S.C. §103." (*Tinnus II*, Doc. No. 626-2.)

Based on this background, Plaintiffs filed the instant motion contending that Defendants are statutorily estopped from bringing the asserted invalidity grounds that could have been presented before the PTAB during the PGR proceedings, and that Defendants are also precluded from raising these defenses that were already litigated in *Tinnus II*. (Doc. No. 329.)

## DISCUSSION

### A. Statutory Estoppel

Plaintiffs argue that the PGR estoppel statute prevents Defendants from asserting invalidity in this action. (Doc. No. 329, at 10.) Specifically, Plaintiffs argue that Defendants are estopped from raising obviousness because twenty-two of the twenty-four prior art combinations asserted by Defendants in this action rely on Saggio—a reference considered by the PTAB in its final written decision. *Id.* at 11. Plaintiffs argue that the new prior art references are all references that Telebrands reasonably could have raised in the PGR proceedings. *Id.* at 12. Further, Plaintiffs argue that Defendants are barred from asserting invalidity based on

indefiniteness because these were arguments Telebrands could have raised. *Id.* at 13. Finally, Plaintiffs argue that Bulbhead and Bed Bath are also estopped as real parties in interest and/or privies of Telebrands. *Id.*

Defendants dispute that the new combinations could have reasonably been raised and argue that Plaintiffs have not met their burden to show a skilled researcher conducting a diligent search reasonably could have been expected to discover these new references. (Doc. No. 337, at 8.) Defendants further argue that they are not estopped from raising indefiniteness based on the term "sufficiently limited" as found in claim 1 of the '749 and '282 Patents because statutory estoppel does not apply to grounds in the petition that were not instituted. *Id.* at 9. Finally, Defendants argue that Bed Bath is not estopped because it was not a petitioner, has never claimed to be a real party in interest, and had no control over the PGR petitions or proceedings. *Id.* at 10.

### a. Telebrands

Turning first to the issues as they pertain to the PGR petitioner, Telebrands, the Court looks to express language of the estoppel statute. 35 U.S.C. § 325(e)(2) provides that "[t]he petitioner in a post-grant review of a claim in a patent under this chapter that results in a final written decision… may not assert…in a civil action…that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that post-grant review." 35 U.S.C. § 325(e)(2). In this case, Defendants do not raise any of the same asserted grounds raised in the PGR petition, and thus the sole question for estoppel is whether the invalidity grounds asserted in this case "reasonably could have raised during that post-grant review." *Id.* As the plain language of the statute is clear in that estoppel applies to grounds that were not raised in the PGR petition,

4

but also to those grounds that reasonably could have been raised, the mere suggestion of new prior art, or the existence of grounds for invalidity that varies from that which was presented before the PTAB, does not mean a petitioner can necessarily proceed with those grounds in a later civil action. *See Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at *8 (N.D. Ill. Aug. 2, 2017); *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, 2017 WL 2526231, at *3 (E.D. Tex. May 11, 2017); *Douglas Dynamics, LLC v. Meyer Prods. LLC*, No. 14-cv-886-JDP, 2017 WL 1382556, at *4 (W.D. Wis. Apr. 18, 2017), *reconsideration granted in part on other grounds*, No. 14-cv-886-JDP, 2017 WL 2116714 (W.D. Wis. May 15, 2017); *Parallel Networks Licensing, LLC v. IBM Corp.*, No. 13-2072, 2017 WL 1045912, at *11–12 (D. Del. Feb. 22, 2017); *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *7–8 (N.D. Ill. Mar. 18, 2016). Indeed, during the enactment of the America Invents Act, then Director Kappos emphasized the importance of the estoppel provisions, characterizing them broadly as an advantage to patentees who had successfully gone through the post-grant system:

> If I can say that in my own words also, that I believe there are significant advantages for patentees who successfully go through the post-grant system … because of those estoppel provisions. Those estoppel provisions mean that your patent is largely unchallengeable by the same party.

*America Invents Act: Hearing on H.R. 1249 Before the House Comm. on the Judiciary*, 112th Cong. 52–53 (2011) (statement of Director David Kappos).

### i. Obviousness

In determining whether invalidity grounds reasonably could have been raised in a petition, courts around the country have found that a petitioner is estopped from relying on any

ground that could have been raised based on prior art that a "skilled searcher conducting a diligent search reasonably could have been expected to discover." *See, e.g., Clearlamp,* 2016 WL 4734389, at *8; *Douglas Dynamics,* 2017 WL 1382556, at *4; *Biscotti*, 2017 WL 2526231, at *7.

Here, Defendants intend to assert the following obviousness combinations:

| '749 Patent | '282 Patent |
|---|---|
| Saggio & Harris | Saggio, Harris & Cooper |
| Saggio & Carlton | Saggio, Carlton, & Cooper |
| Saggio & Mead | Saggio, Mead, & Cooper |
| Saggio & Atala | Saggio, Atala , & Cooper |
| Saggio & Antoshkiw | Saggio, Antoshkiw , & Cooper |
| Saggio & White | Saggio, White, & Cooper |
| Saggio & Lemeland | Saggio, Lemeland , & Cooper |
| Saggio & Pevsner | Saggio, Pevsner , & Cooper |
| Saggio & Debrun | Saggio, Debrun , & Cooper |
| Saggio & Brister | Saggio, Brister , & Cooper |
| Saggio & McCreary | Saggio, McCreary , & Cooper |
| Saggio & Meade | Saggio, Meade , & Cooper |

(Doc. No. 337, at 6–7.)

All of these combinations contain the Saggio reference. Yet Saggio, in combination with other references, was fully considered and litigated before the PTAB. *See Tinnus II*, Doc. Nos. 626-1, 626-2. Defendants argue that they are not estopped from raising obviousness because, although concededly their combinations include Saggio—a reference raised on obviousness grounds before the PTAB—their asserted combinations also contain new prior art not raised in the PGR proceedings. (Doc. No. 337, at 7.) Defendants further argue that Plaintiffs have not met their burden to show why these grounds could have been reasonably raised. *Id.* at 8.

Here, Plaintiffs' patents have survived full post-grant review proceedings, including consideration by the PTAB of the primary reference at issue—Saggio. As to the references Defendants intend to now submit in combination with Saggio as "new" in this subsequent litigation, Plaintiff has contended that these references were publicly available prior to the submission of the PGR petition. Defendants do not contest this fact, and indeed do not argue that references were unavailable or even difficult to find in response. Importantly, Defendants' own expert has touted the significance of Saggio, testifying that Saggio contained all but one minor provision of the asserted claims, and minimizing the missing element to a known "rubber band trick." *See Tinnus II* 11/17/17 P.M. Trial Transcript at 41:10–44:3. Thus, there is no reason to believe that a skilled searcher conducting a diligent search would not have found references containing this element that were publicly known prior to Telebrands's petition.

Rather, the reality of the situation appears to be that Defendants, who have continued to rely on their expert's opinions in formulating defenses in these cases, knew the very missing piece of Saggio and chose to pursue that missing piece with presumably what they felt was the strongest reference in combination. Defendants' addition of twelve new prior art references in combination with Saggio appears to be nothing more than an attempt to relitigate the issue of invalidity under § 103, an issue fully litigated before the PTAB. *See Douglas*, 2017 WL 1382556, at *4 ("A patent infringement defendant does not have to take the IPR option; it can get a full hearing of its validity challenge in district court. If the defendant pursues the IPR option, it cannot expect to hold a second-string invalidity case in reserve in case the IPR does not go defendant's way."). To allow Defendants to assert the identified grounds for invalidity in these circumstances would entirely undermine the post-grant review process and defeat the purpose of

7

achieving streamlined, simplified, cost effective litigation that the America Invents Act ("AIA") was designed to provide. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) ("Giving the agency the authority to consider the validity of patents in the *inter partes* review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation."). As such, the Court finds Defendants are estopped from raising invalidity on all obviousness grounds containing the Saggio reference.[1]

### ii. Indefiniteness

The parties also dispute whether Defendants are estopped from asserting indefiniteness on the term "sufficiently limited."[2] Plaintiffs argue that Telebrands reasonably could have raised this argument because it was aware of this claim term prior to the filing of the PGRs. (Doc. No. 329, 13.) Defendants argue that statutory estoppel does not apply because the PTAB did not institute on indefiniteness and statutory estoppel does not apply to grounds in the petition that were not instituted. (Doc. No. 337, at 9.)

Here, Telebrands specifically raised this argument in its PGR petitions on the '749 and '282 Patents before the PTAB and the PTAB declined to institute review, finding that "Petitioner has demonstrated that it would more likely than not prevail on the ground that the limitation … is indefinite pursuant to 35 U.S.C. § 112(b)." (*Tinnus II* Doc. No. 233-1, at 15; Doc. No. 234-1, at

---

[1] Based on the contentions identified in the briefing, the Court understands this ruling to have estopped all of Defendants' obviousness case as only combinations with Saggio are presently being pursued. The Court's ruling, of course, is not an invitation to revive other dropped references or defenses.

[2] The parties agree that estoppel applies to asserting claims 1–3 of the '282 Patent are indefinite under 35 U.S.C. § 112(b) as decided in the PTAB's final written decision. (Doc. No. 329, at 13.)

19.) The Federal Circuit in *Shaw* has held that estoppel does not apply in circumstances where institution has not occurred. *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir.), cert. denied, 137 S. Ct. 374, 196 L. Ed. 2d 292 (2016). While there may be persuasive argument for a different conclusion after the Supreme Court's decision in *SAS*,[3] the Federal Circuit's decision in *Shaw* has not yet been abrogated. Regardless, here, the Court has already determined as a matter of law that claim 1 of the '749 Patent and claim 1 of the '282 Patent were not indefinite due to the inclusion of the term "sufficiently limited." *See Tinnus II* Doc. No. 201, at 7–9; Doc. No. 226. The Court has no reason to alter its judgment here and the parties have not requested to re-open this dispute. As the parties are aware, the Court determines the issue of indefiniteness at the time of claim construction. The Court has already addressed this issue with the parties at a status conference and Defendants filed a brief requesting the Court construe several additional terms, but "sufficiently limited" was not one of them. (Doc. No. 203.) Therefore, the Court intends to incorporate its prior record as the record of this case. As such, whether statutory estoppel applies to this argument is moot. For the reasons previously stated, the claim term "sufficiently limited" as found in claim 1 of the '749 and '282 Patents is not indefinite. *See Tinnus II* Doc. No. 201, at 7–9; Doc. No. 226.

  b. **Bulbhead and Bed Bath**

---

[3] *See SAS Institute Inc. v. Iancu*, ––– U.S. –––, 138 S.Ct. 1348, 200 L.Ed.2d 695 (2018*); see also PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1360 (Fed. Cir. 2018) ("Equal treatment of claims and grounds for institution purposes has pervasive support in *SAS*."). As Defendants are presently appealing the PTAB's final written decisions to the Federal Circuit, it is incumbent upon Defendants to request a remand on these grounds to the extent they seek resolution of this issue. *See Adidas AG v. Nike, Inc*., 894 F.3d 1256, 1258 (Fed. Cir. 2018).

Plaintiffs argue that Bulbhead and Bed Bath are also estopped as real parties in interest or as a privy of Telebrands. (Doc. No. 329, at 13.) Specifically, as to Bulbhead, Plaintiffs argue that the Court has already found that Bulbhead is an alter ego of Telebrands and that therefore it is either a real party in interest or privy of Telebrands. *Id.* Plaintiffs also argue that Bed Bath is a privy of Telebrands. *Id.* Defendants do not dispute that Bulbhead is estopped and instead argue only that Bed Bath is not estopped because it never claimed to be a real party in interest and it had no control over the PGR petitions or proceedings. (Doc. No. 337, at 10–11.)

35 U.S.C. § 325(e)(2) provides that estoppel also applies to "the real party in interest or privy of the petitioner…". 35 U.S.C. § 325(e)(2). In the context of IPR estoppel, the Federal Circuit has concluded that "Congress intended that the term 'real party in interest' have its expansive common-law meaning." *Applications in Internet Time, LLC v. RPX Corp.*, No. 2017-1698, 2018 WL 3625165, at *11 (Fed. Cir. July 9, 2018). The Federal Circuit also considered the term "privy" in this context to be consistent with its common law meaning, confined by the bounds of due process. *WesternGeco LLC v. ION Geophysical Corp.*, 889 F.3d 1308, 1319 (Fed. Cir. 2018) citing *Taylor v. Sturgell*, 553 U.S. 880, 894–95 (2008) (listing as relevant considerations for privity: (1) an agreement between the parties to be bound; (2) pre-existing substantive legal relationships between the parties; (3) adequate representation by the named party; (4) the non-party's control of the prior litigation; (5) where the non-party acts as a proxy for the named party to relitigate the same issues; and (6) where special statutory schemes foreclose successive litigation by the non-party (e.g., bankruptcy and probate)).

As an initial matter, Defendants do not dispute that Bulbhead is estopped. And indeed, this Court has found that Bulbhead is an alter ego of Telebrands—the petitioner. (*Tinnus II,* Doc.

10

No. 259, at 10–11.) Thus, the Court also finds that Bulbhead is estopped on the same bases as Telebrands is estopped.

As to Bed Bath, Bed Bath is being indemnified by Telebrands in this litigation and was being indemnified by Telebrands in related litigations prior to the filing of the PGR petitions. *See, e.g.*, Case No. 6:15-cv-551 ("*Tinnus I*"). Indeed, Bed Bath and Telebrands are represented by the same counsel in this matter, as well as the related matters, share the same experts, and have raised the same defenses—including those of invalidity. Undoubtedly then, Telebrands and Bed Bath had a pre-existing substantive legal relationship as they had the same legal representation and indemnification agreement in *Tinnus I* and *Tinnus II* prior to the filing of PGR petitions. Moreover, whenever there was activity on the PGRs before the PTAB, Bed Bath would join Telebrands in notifying this Court of the progress of those proceedings. *See, e.g., Tinnus II* Doc. Nos. 233-1, 234-1 (notices filed by Bed Bath and Telebrands regarding decision by the PTAB to institute post-grant review on the patents-in-suit). Indeed, Bed Bath also filed a motion in *Tinnus II* requesting the court stay the case pending completion of the PGR proceedings. (*Tinnus II* Doc. No. 239.) Given this relationship and these actions taken by Bed Bath, estopping Bed Bath in this case would not offend notions of due process.

The fact that a written agreement to be bound does not exist in the record before the Court is not dispositive. *See, e.g., Applications in Internet Time*, 2018 WL 3625165, at *14 ("a nonparty to an IPR can be a real party in interest even without entering into an express or implied agreement with the petitioner to file an IPR petition."). Allowing Bed Bath to proceed with the same asserted grounds for invalidity raised by Telebrands before the PTAB would serve to effectively relitigate those issues before this Court and undermine the statutory purpose to

"ensure that third parties who have sufficiently close relationships with [] petitioners would be bound by the outcome of instituted [petitions]." *Applications in Internet Time*, 2018 WL 3625165, at *11. For these reasons, the Court finds that Bed Bath is estopped on the same bases that Telebrands is estopped.

## B. Issue Preclusion

Plaintiffs also move for issue preclusion on invalidity based on the jury's verdict in *Tinnus II*. (Doc. No. 329, at 5–8.) However, that matter has not yet been fully resolved as post-trial motions are still pending before Judge Schroeder. Plaintiffs cite to Fifth Circuit authority that a final judgment is not needed for issue preclusion to apply. (Doc. No. 329, at 14.) While the Court does not disagree with this authority with respect to issue preclusion,[4] in this instance, the jury's verdict on the subject of invalidity is subject to motions for judgment as a matter of law. *See Tinnus II,* Doc. No. 582. As such, the Court simply finds it would be a more prudent course to consider these issues upon resolution of those motions to the extent it is necessary. Therefore, the Court **DENIES** Plaintiffs' motion as to issue preclusion without prejudice to re-urging upon resolution of the post-trial motions in *Tinnus II*.

## CONCLUSION

As stated herein, Plaintiff's Motion for Estoppel (Doc. No. 329) is **GRANTED** as to the asserted theories of invalidity of the patents-in-suit as obvious or indefinite as to all Defendants.

---

[4] Under Fifth Circuit law, issue preclusion, or collateral estoppel, precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 572 (5th Cir. 2005); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005).

Plaintiff's Motion (Doc. No. 329) is **DENIED** on the matter of issue preclusion without prejudice to re-urging upon resolution of the post-trial motions in *Tinnus II*.

**So ORDERED and SIGNED this 21st day of August, 2018.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE