# UNITED STATES DISTRICT COURT

## FOR EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, et al.<br><br>    Plaintiffs,<br><br>        v.<br><br>TELEBRANDS CORP., BULBHEAD, LLC,<br>& BED BATH & BEYOND INC.,<br><br>    Defendants. | Case No.   6:17-cv-170-RWS-JDL |

## DEFENDANTS' MOTION TO COMPEL

I.      INTRODUCTION

Plaintiffs have skirted their obligations in discovery in various areas, such as failing to produce documents in a timely manner, failing to provide substantive answers to interrogatories, and failing to provide properly prepared witnesses for deposition. The parties have met and conferred in an effort to narrow issues to be presented to the Court. While deficiencies remain, the failure to produce prepared deposition witnesses is perhaps the most egregious, particularly given that Defendants incurred substantial time and expense to travel to Hong Kong to depose Plaintiffs' Rule 30(b)(6) designees. Pursuant to Fed. R. Civ. P. 37, Defendants hereby move to compel Plaintiffs Zuru LTD, Zuru INC, Zuru LLC, Zuru Pty LTD, and Zuru UK LTD ("Plaintiffs") to produce a properly prepared witness. Defendants also request that the witness(es) be compelled to appear in the United States, at Plaintiff's counsel's offices in Los Angeles, at Plaintiffs' expense.

In response to Defendants' Rule 30(b)(6) notice (Ex. A[1]), Plaintiffs designated two witnesses, Christian Pellone and Anna Mowbray. The witnesses appeared on August 28 and 29, 2018 in Hong Kong.[2] The witness designated was not prepared to respond to questions on several of the identified financial topics. For example, one topic concerned sales and profits associated with the Plaintiffs' product. Plaintiffs identified two documents in supplemental interrogatory responses as the basis for various contentions, but the designee, Mr. Pellone, had not seen the documents before and was unprepared to answer questions about them. A series of basic questions on these issues, and other topics related to manufacturing capacity, elicited "I don't know" answers. The parties met and conferred on September 5, 2018. Thereafter, Plaintiffs offered a

---

[1] All exhibits referenced are attached to the Declaration of Molly Russell, filed herewith.
[2] The Discovery Order provided that Rule 30(b)(6) depositions of witnesses of Zuru LTD would take place in Hong Kong or by videoconference. Dkt. 295 at 2.

one hour deposition by videoconference, but this is small consolation for having travelled to Hong Kong to conduct a proper deposition of unprepared witnesses.

To prevent any further prejudice, Defendants request an order compelling Plaintiffs to provide a properly prepared witness for depositions on topics 2, 5, 8, 9, 19, 20, and 22 of Defendants' notice. As a remedy for the improper presentation of unprepared witnesses, the deposition should be ordered to occur in the United States at Defendants' counsel's offices in Los Angeles and for Plaintiffs to cover the fees and costs associated with the resumed deposition.

## II. PLAINTIFFS DID NOT PROVIDE AN ADEQUATELY PREPARED CORPORATE WITNESS UNDER RULE 30(b)(6)

Defendants have been prejudiced in responding to Plaintiffs' damages arguments by being denied adequate corporate testimony on the Plaintiffs' financial information. In responding to Defendants' interrogatory requests to describe "the factual bases for any claim for damages" due to patent infringement and false advertising and all evidence related to such facts, and to provide sales, revenues, costs, expenses, and profits attributable to Plaintiffs' Bunch O Balloons product, Plaintiffs identified specific documents and referred Defendants to the information in those documents as the responsive information under Rule 33(d) of the Federal Rules (in particular, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■). *See* Ex. C.

Defendants' Rule 30(b)(6) notice contained the following topics, among others:

- Topic 2: Plaintiff's accounting methods, financial statements, reports and internal terminology for compiling, maintaining, and analyzing financial data related to the Bunch O Balloons product;

- Topic 5: The profits of Plaintiff for March 2014 to the present;

- Topic 8: Plaintiff's answers to interrogatories served in connection with this litigation;

- Topic 9: Plaintiff's answers to requests for production served in connection with this litigation;

- Topic 19: All information concerning Plaintiff's sales of the Bunch O Balloons product, including the timeframe of such sales, the identity of the buyer, the date of the first sale, the number of units sold, Plaintiff's method of setting the price for the Bunch O Balloons product, Plaintiff's negotiations of the price for the Bunch O Balloons product, and the actual price per unit;

- Topic 20: Revenues, units sold, costs and profit information for the Bunch O Balloons product.

*See* Ex. A. These topics are all relevant to Defendants' analysis of Plaintiffs' claims for damages, including lost profits and price erosion.

Defendants designated Mr. Christian Pellone, the self-described "functional CFO" of the five Zuru plaintiffs. *See* Ex. B. Defendants asked Mr. Pellone questions about multiple financial documents, including the two documents specifically identified in Plaintiffs' interrogatory responses as the foundation for the damages claim, but he could not testify as to their contents. For example, Mr. Pellone was asked about ▮▮▮▮▮▮▮▮. He could only guess as to what the document could mean and only testify as to ▮▮▮▮▮▮▮▮ Ex. D at 213:17. He could not testify as to the preparation of the document or the actual numbers on the spreadsheet:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Id.* at 217:3-219:1.

Similarly, when Mr. Pellone was asked about the other document on which Plaintiffs are relying, ▮▮▮▮▮▮▮▮, he testified, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 220:24-221:4. These documents, however, were specifically identified by Plaintiffs as supporting their claims, and yet

Plaintiffs did not bother to prepare their own designee about them.[3]

In addition, Mr. Pellone failed to provide information on a number of other questions directly within his designated topics. *See, e.g.*, *id.* at 224:20-23 ▮

▮ *id.* at 231:21-232:6 ▮

▮ *id.* at 237:22-238:9 ▮

▮ *id.* at 255:20-256:10 ▮

---

[3] Plaintiffs may argue that their other 30(b)(6) witness, Ms. Mowbray, answered some questions as to some financial documents. *See, e.g.*, Ex. E at 113:14-114:14. However, Plaintiffs did not designate Ms. Mowbray to testify to Mr. Pellone's topics. To claim Defendants should have assumed that Ms. Mowbray could testify as to topics she was not designated on (where in other 30(b)(6) depositions Plaintiffs have strenuously objected to questions they deem outside the designations) makes no sense and cures no prejudice. Ms. Mowbray also reiterated that Mr. Pellone was the designee. *See id.* (her knowledge about those documents was " ▮ ▮ ").

███████████████████████ ██████; *id.* at 257:16-259:14 ████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████ *id.*

at 122:8-12 ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████ *id.* at 204:20-25 ████████████████████████████████████████

████████████████████████████████████ ████████████████████████████

████████████████████████████

In addition, on August 29, 2018 in Hong Kong, Defendants' counsel deposed Ms. Anna Mowbray, the witness Plaintiffs offered on the following deposition topic no. 22: "Information regarding ZURU Ltd., ZURU Inc., ZURU UK Ltd., ZURU LLC, and/or ZURU Pty Ltd. manufacture of Bunch O Balloons, including the factory name(s), the name(s) of manufacturer(s), the sourcing of materials, and the manufacturing capacity." Ex. A. However, when asked how much each Bunch O Balloons manufacturing machine costs—a topic relevant to the capacity of Plaintiffs—Ms. Mowbray responded, ████████████ ████████████████████████ ██████

████████ ████████████████████████████████ ████████████████████████████

████████████████████████████████████ Ex. E at 134:15-20.[4] This information directly bears on Plaintiffs claim for lost profits. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) ("The Panduit test [to prove entitlement to lost profits damages] requires that a patentee establish: (1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of the profit it would have made.").

---

[4] Previous testimony does not answer this question. *See, e.g.*, Ex. F at 105:2-17.

When an organization designates a person to testify on its behalf, the deponent must make "'a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, and unevasively, the questions posed . . . as to the relevant subject matters.'" *Robroy Indus. - Texas, LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2016 WL 325175, at *2 (E.D. Tex. Jan. 27, 2016) (citing *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)) (emphasis in original). Indeed, "[t]he duty to prepare 'goes beyond matters personally known to that designee or to matters in which that designee was personally involved.'" *Id.* (citing *Brazos River Authority*, 469 F.3d at 433). Where a party has failed to do so, an additional deposition is appropriate to alleviate prejudice to the requesting party. *See, e.g.*, *Alexander v. Martin*, No. 2:08CV400, 2010 WL 11531251, at *3 (E.D. Tex. Aug. 18, 2010).

Where courts determine to reopen or compel additional 30(b)(6) depositions on the basis of a party's inadequate response, courts may require the deposition to occur at a place convenient to moving party's counsel. *See, e.g., Robroy Indus. - Texas, LLC*, 2016 WL 325175, at *5 (ordering the additional depositions to occur at a place convenient to the moving party's counsel); *Nester v. Textron, Inc.*, No. A-13-CA-920-LY, 2015 WL 1020673, at *14 (W.D. Tex. Mar. 9, 2015) ("[T]he Court will require that the reconvened Rule 30(b)(6) deposition of Mr. Fisher take place in Austin, Texas (or another location convenient to Plaintiffs)"); *C.R. Custom Repairs, L.L.P. v. W. Heritage Ins. Co.*, No. 13-CV-02452-RM-BNB, 2014 WL 2763901, at *2 (D. Colo. June 18, 2014) ("GRANTED to reopen the Rule 30(b)(6) deposition of the defendant and to require the defendant to produce a Rule 30(b)(6) designee in metropolitan Denver at the defendant's expense or to pay the travel costs and a reasonable per diem for plaintiff's counsel to travel to and attend the reopened deposition in a location other than Denver."). Courts may also require compelled

depositions to occur at the deposed party's expense. *See, e.g.*, *Garth O. Green Enterprises, Inc. v. Harward*, No. 2:15-CV-556-RJS-EJF, 2018 WL 611465, at *1 (D. Utah Jan. 29, 2018) ("[T]he Court . . . grants further deposition of Standard's 30(b)(6) witness and a few members of the management team at Standard's expense"); *DS Waters of Am., Inc. v. Zurich Am. Ins. Co.*, No. 1:12-CV-3556-RLV, 2013 WL 12063906, at *1 (N.D. Ga. Sept. 11, 2013) ("[T]he court DIRECTS defendant Zurich to produce a Rule 30(b)(6) witness who can testify on the three topics set forth in the plaintiff's motion to compel. Because the court concludes that this matter should have been resolved without court intervention, the court DIRECTS defendant Zurich to produce the Rule 30 (b)(6) witness at its own expense.").

Here, Defendants were unable to attain answers to their questions about key financial information for their claims and defenses, even though the questions related to financial data that had been specifically identified by Plaintiffs as relevant to their claims. Neither witness was prepared to respond to Defendants' deposition notice; Mr. Pellone especially was unable to answer any questions about key financial documents. Defendants' counsel flew to Hong Kong to spend multiple days taking the depositions of unprepared corporate representatives, at significant expense.

Plaintiffs have just today offered to produce Ms. Mowbray for a deposition via videoconference in response to Defendants' concerns. However, Plaintiffs have not provided which topics Ms. Mowbray would be designated on and have strictly limited the offered videoconference deposition to one hour. This limited videoconference deposition is insufficient to cure Defendants' prejudice, after Defendants' counsel flew to Hong Kong to have the benefit of taking the depositions live but received no answers to numerous requested topics. Defendants respectfully request that Plaintiffs make corporate witnesses available for at least a four-hour

deposition at Defendants' counsel's offices in Los Angeles at Plaintiffs' expense. The witness should be duly prepared to respond with regard to topics 2, 5, 8, 9, 19, 20, and 22.

### III. CONCLUSION

Defendants respectfully request that the Court grant their Motion to Compel.

Respectfully submitted,

Dated: September 12, 2018     By:    /s/ *W. Lance Lee*
                                         Lance Lee
                                         Texas Bar No. 24004762
                                         wlancelee@gmail.com
                                         5511 Plaza Drive
                                         Texarkana, TX 75503
                                         Tel: (903) 223-0276

                                         Gregory Love

| | |
|---|---|
| Morgan Chu | Texas Bar No. 24013060 |
| mchu@irell.com | greg@lovetrialfirm.com |
| Richard Birnholz | 107 E. Main Street |
| rbirnholz@irell.com | Henderson, TX 75652 |
| Grace Chuchla | Tel: (903) 212-4444 |
| gchuchla@irell.com | |
| Molly Russell | Robert T. Maldonado |
| mrussell@irell.com | Rmaldonado@cooperdunham.com |
| IRELL & MANELLA LLP | Laura A. Alos |
| 1800 Avenue of the Stars, Suite 900 | lalos@cooperdunham.com |
| Los Angeles, California 90067-4276 | COOPER & DUNHAM LLP |
| | 30 Rockefeller Plaza |
| Tel: 310-203-7000 | New York, New York 10112 |
| | Tel: 212-278-0400 |
| | |
| | *Attorneys for all Defendants* |
| *Attorneys for Defendant Telebrands Corp.* | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on August 24, 2018.

*/s/ W. Lance Lee*
Lance Lee

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that Defendants' Motion to Compel is authorized to be filed under seal by the Protective Order entered in this matter.

*/s/ W. Lance Lee*
Lance Lee

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Pursuant to Local Civil Rule CV-7(h), on September 5, 2018, lead and local counsel for Defendants participated in a telephonic meet and confer with lead and local counsel for Plaintiffs regarding this motion. Despite the parties' good-faith discussions, they were unable to resolve their disputes. As a result, Defendants file this motion which is opposed by Plaintiffs.

*/s/ W. Lance Lee*
Lance Lee