# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **TINNUS ENTERPRISES, LLC, ZURU LTD., ZURU INC., ZURU UK LTD., ZURU LLC, ZURU PTY LTD.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TELEBRANDS CORPORATION, BULBHEAD.COM, LLC, BED BATH & BEYOND INC.,**<br><br>**Defendants.** | § § § § § § § § § § § § § §   CIVIL ACTION NO. 6:17-CV-00170-RWS |

## ORDER

On November 16, 2018, the Court stayed this matter to conserve the resources of the parties and the Court so that the related, earlier-filed action, Case No. 6:15-cv-551, could proceed to trial in an expeditious manner. (Doc. No. 487.) Plaintiffs have now filed a motion to lift the stay in this matter. (Doc. No. 491.) Defendants have filed a response in opposition. (Doc. No. 492.)

Plaintiffs' motion fails to appreciate that between the instant action and related Cause No. 6:17-cv-170, there are over twenty (20) dispositive and/or *Daubert* motions.[1] Indeed, numerous of these motions are duplicative and raise the exact same arguments or re-arguments for the Court. As noted in the Court's most recent Order (Case No. 6:15-cv-551, Doc. No. 411), the parties have failed to adhere to the orders and admonishments of the Court in raising numerous of these disputes. *See id.* at 3, ("the parties continued to dispute many of these exact same issues

---

[1] The parties filed fourteen (14) motions in this case alone. *See* Doc. Nos. 370, 371, 372, 373, 375, 376, 378, 379, 380, 383, 396, 397, 398, 399.

1

in related case number 6:17-cv-170"). Given not only the volume of the disputes, but also the parties' inability to simplify issues in these matters, the Court finds no basis to lift the stay at this time. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets."). The Court has placed the 6:15-cv-551 case on an expedited trial schedule and indeed has recently even offered the parties an earlier trial date. *See* Case No. 6:15-cv-551, Doc. No. 392. Once the earlier-filed matter can be tried, the Court can set the instant action on an expedited trial schedule. The Court anticipates this being of no issue as discovery has closed, dispositive motions have been filed, and the only deadlines that remain are a few deadlines pertaining to pretrial and trial. Accordingly, Plaintiffs' Motion (Doc. No. 491) is **DENIED**.

**So ORDERED and SIGNED this 19th day of March, 2019.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE